IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SYLVESTER MCCURRY, #1080957, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | |
| § | NO. 3:05-CV-0307-L |
| DOUGLAS DRETKE, Director § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| § | |
| Respondent. § | |

**MEMORANDUM OPINION AND ORDER**

This is a habeas case brought under 28 U.S.C. § 2254. Pursuant to 28 U.S.C. §636(b), and an order of the court in implementation thereof, this action was referred to the United States magistrate judge for proposed findings and recommendation. On August 18, 2005, the Findings, Conclusions and Recommendation of the United States Magistrate Judge were filed, to which Petitioner filed objections on August 31, 2005.

**I.   Factual and Procedural History**

On December 14, 2001, Petitioner was convicted by a Dallas County, Texas jury of aggravated sexual assault and indecency with a child, and assessed a punishment of two consecutive life sentences. Petitioner noticed his appeal on December 14, 2001. On January 9, 2003, the Fifth District Court of Appeals of Dallas affirmed the judgment of conviction and sentence. *State v. McCurry*, No. 05-01-02012-CR (Tex. App. – Dallas, Jan. 9, 2003, pet. ref.).

Petitioner filed a total of six state habeas applications. His first two applications for state writ of habeas corpus (filed on October 17, 2003) were dismissed by the Court of Criminal Appeals

**Memorandum Opinion and Order – Page 1**

for noncompliance with state appellate procedural rules on January 14, 2004. Petitioner's third and fourth applications (filed December 29, 2004) were similarly dismissed by the Court of Criminal Appeals for noncompliance with state appellate procedural rules on May 5, 2004. On June 14, 2004, Petitioner filed his fifth and sixth applications, which the Court of Criminal Appeals denied without written order on December 8, 2004. On February 7, 2005, Petitioner filed his federal application for writ of habeas corpus under 28 U.S.C. § 2254.[1] On February 10, 2005, Petitioner filed a writ of mandamus with the Court of Criminal Appeals, which denied him leave to file mandamus on April 13, 2005.

On June 10, 2005, in response to a query from the magistrate judge regarding whether Petitioner's federal habeas petition was time-barred, the Texas Department of Criminal Justice, Correctional Institution Division ("TDCJ-CID") requested that Petitioner's petition for writ of habeas corpus be denied and dismissed as time-barred under applicable law. On June 23, 2005, Petitioner filed his response, contending that his petition was not time-barred.

## II.  The Magistrate Judge's Findings and Recommendation

The magistrate judge recommended that Petitioner's § 2254 petition be dismissed as time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. 104-132, 110 Stat. 1214 (1996), codified at 28 U.S.C. § 2254(d). AEDPA provides in relevant part that the one-year limitations period for federal inmates seeking relief under 28 U.S.C. § 2254 shall run from the latest of –

   (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[1] In his federal petition, Petitioner alleges he is actually innocent of the crimes of which he was convicted (aggravated sexual assault and indecency with a child), that his arrest warrant was based on an affidavit containing fraudulent information, and that trial counsel rendered ineffective assistance.

**Memorandum Opinion and Order – Page 2**

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the Untied States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

The AEDPA further provides that:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under [§ 2244(d)].

*Id.* § 2244(d)(2).

Finding that Petitioner had failed to allege any facts bringing his claims within the purview of the factors set forth in § 2244(d)(1)(B) or (C), under § 2254(d)(1)(D), the magistrate judge determined that the facts supporting the claims raised in the petition for habeas relief became known or could have become known prior to the Petitioner's state judgment of conviction became final. The magistrate judge, therefore, calculated the one-year statute of limitations under § 2254(d)(1)(A), namely from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *See* Findings and Conclusions at 3. Under § 2254(d)(1)(A), the magistrate judge found that Petitioner's conviction became final for purposes of the one-year statute of limitations on June 24, 2003, the expiration of the ninety-day period for him to file for certiorari review from the Texas Court of Criminal Appeals' refusals of Petitioner's petitions for discretionary review on March 26, 2003. *Id.* at 4 (citing Sup. Ct. R. 13); *see generally*

**Memorandum Opinion and Order – Page 3**

*Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (finality under 28 U.S.C. § 2244(d) determined by date when time for filing further appeals expires). The magistrate judge therefore calculated the one-year period as beginning to run on June 25, 2003, the date after his conviction became final. Absent any tolling, the one-year limitations period for filing his habeas corpus petition expired one year later, on June 24, 2004. With regard to tolling, the magistrate judge concluded that Petitioner's first four state applications were not properly filed, because the Texas Court of Criminal Appeals determined that Petitioner failed to comply with Rule 73.2 of the Texas Rules of Appellate Procedure. Therefore, the one-year limitations period was not tolled by the first four applications for state writ of habeas corpus. The magistrate judge found, however, that Petitioner's fifth and sixth state habeas petitions filed on June 14, 2004 (10 days before the expiration of the limitations period), tolled the one-year period until December 8, 2004, when they were denied without written order. The magistrate judge found that the one-year limitations period therefore expired on December 18, 2004. As Petitioner did not place his federal habeas petition in the mail until February 7, 2005[2] (fifty days after the one-year limitations period expired), the magistrate judge concluded that Petitioner's federal habeas petition should be dismissed as time-barred.

The magistrate judge also concluded that the doctrine of equitable estoppel could not preserve Petitioner's claim as Petitioner "does not present the type of extraordinary circumstances justifying equitable tolling" nor did Petitioner pursue the process with diligence, since "[a]fter receiving notice of non-compliance of his state applications, Petitioner delayed the re-submission

---

[2] *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (federal petition is deemed filed for determining application of AEDPA when the prison tenders it to prison officials for mailing).

**Memorandum Opinion and Order – Page 4**

of his applications by one and one-half months each time (from January 14 until February 29, 2004 and again from May 5, until June 12, 2004) [and] [a]fter denial of his fifth and sixty state applications, he waited an additional two months before filing his federal petition." *See* Findings and Conclusions at 9-10.

### III. Petitioner's Objections

Petitioner objects to the magistrate judge's finding that his § 2254 request was time-barred. His first objection is that his first four applications for state writ of habeas corpus were "properly filed[,]" and that the "state's allegations of non-compliance [are] merely an attempt to deliberately imped[e] McCurry from seeking federal relief from his unconstitutional conviction." *See* Pet. Obj. at 1-3. In support of his objection, Petitioner contends that he is entitled to tolling for the period of time during which his first four state habeas applications were pending before they were dismissed by the Court of Criminal Appeals for noncompliance with appellate rules. *See id.*

The AEDPA provides that:

> The time during which a *properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under [§ 2244(d)].

28 U.S.C. § 2244(d)(2) (emphasis added). An "application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000); *see also Edwards v. Dretke*, 116 Fed. Appx. 470, 471 (5th Cir. Oct. 6, 2004) (state habeas application did not "constitute a 'properly filed' application for purposes of 28 U.S.C. § 2244(d)(2) because the Texas Court of Criminal Appeals determined the application failed to comply with Tex. R. App. P. 73.2"); *Larry v. Dretke*, 361 F.3d 890, 895 (5th Cir. 2004) (even where "state court mistakenly accepts and considers the merits of a state habeas application

in violation of its own procedural filing requirements, including those governing jurisdiction, that habeas application is not 'properly filed.'")[3]; *Villegas v. Johnson*, 184 F.3d 467, 470 (5th Cir. 1999) ("a 'properly filed application' for § 2244(d)(2) is one that conforms with a state's applicable procedural filing requirements."). It is undisputed that the Court of Criminal Appeals determined that Petitioner's first four applications for state habeas relief failed to comply with Tex. R. App. P. 73.2. Thus, the first four applications were not "properly filed" for purposes of tolling the one-year limitations period under § 2244(d)(2). *See generally Edwards*, 116 Fed. Appx. 470, 471 (5th Cir. Oct. 6, 2004) (state habeas application not "properly filed" for purposes of 28 U.S.C. § 2244(d)(2) where Court of Criminal Appeals determined it failed to comply with Tex. R. App. P. 73.2) (and cases cited therein). Accordingly, the court **overrules** Petitioner's first objection to the magistrate judge's findings and conclusions.

As his second objection, Petitioner objects to the district court's "acceptance of **Texas double standard** concerning habeas application filing practice for indigent applications." *See* Pet.'s Obj. at 3. (original emphasis). He argues that "Respondent Dretke, in an attempt to fraudulently time-bar McCurry, has disclosed a double standard in the TCAA's policy concerning indigent, incarcerated, pro se applicant's applications." *Id.* at 4. Apparently, Petitioner is asserting that had an attorney filed the same application as his, the petition would have been deemed in compliance with state procedural rules. That Petitioner believes his applications were in conformity with the

---

[3]In his objections, Petitioner maintains that the magistrate judge mistakenly cited to *Larry v. Dretke*, since "*Larry* is inapplicable to this case [because] Larry [, unlike Petitioner,] filed a writ of habeas corpus **before his direct appeal was final**[.]" Pet. Obj. at 1 (original emphasis). While Petitioner is correct that Larry's state habeas application was filed before his direct appeal was final (in contravention to Article 11.07 of the Tex. Crim. Pro. Code), *Larry* is not so limited as Petitioner would have it, and instead stands for the much broader proposition that where a state habeas petition is not "properly filed," the statute of limitations is not tolled under 28 U.S.C. § 2244(d)(2). *See Larry*, 361 F.3d at 898. Thus, the court **overrules** Petitioner's objections to the magistrate judge's citation to *Larry v. Dretke*.

**Memorandum Opinion and Order – Page 6**

law does not make them so. Under *Artuz*, 531 U.S. at 8, an "application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." The Texas Court of Criminal Appeals determined that Petitioner's first four applications were noncompliant. Furthermore, Petitioner's accusations that habeas filings are judged by a double standard, depending on whether filed by an attorney or by a *pro se* inmate, is unsubstantiated. Accordingly, the court **overrules** Petitioner's second objection to the magistrate judge's findings and conclusions.

As his third objection, Petitioner objects to the District Court "using **Electronic Technology Hindsight**" to determine whether McCurry's applications were "Dismissed -Non-compliance with Appellate Rules." *See* Pet. Obj. at 5 (original emphasis). In this objection, Petitioner objects to the magistrate judge's conclusion that Petitioner was not entitled to equitable estoppel. *Id.* In support, Petitioner contends that he was never informed that his applications were dismissed, but assumed that his applications were properly filed, and that the Texas Court of Criminal Appeals actively misled him about the status of his applications, which prevented him from asserting his rights. *Id.* Petitioner points out that he never received notice that the state court had dismissed his first four applications, but instead that the Texas Court of Criminal Appeals letter merely "return[ed] for correction" each application to the Dallas County Clerk to send a copy of its letter and the application to the inmate.

AEDPA's limitations period is not jurisdictional and is subject to equitable tolling. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074 (1999). Equitable tolling is appropriate, however, only in "rare and exceptional circumstances." *Id.* This court agrees with the magistrate judge that such "rare and exceptional" circumstances are not present here. The state

**Memorandum Opinion and Order – Page 7**

habeas court did not mislead Petitioner or in any way prevent him from asserting his rights. Rather, Petitioner's own actions in filing noncompliant state habeas applications prevented him from asserting his rights. *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) ("[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing."). Moreover, the magistrate judge also correctly found that Petitioner did not act diligently after receiving notice of noncompliance. Petitioner delayed the re-submission of his applications by one and one-half months in each instance after he received notice that his first four habeas applications were noncompliant and needed to be corrected, namely from January 14 until February 29, 2004 for his first two applications and again from May 5, until June 12, 2004 for his third and fourth applications. Moreover, after denial of his fifth and sixth state applications, he waited an additional two months before filing his federal petition on February 7, 2005. Accordingly, the court **overrules** Petitioner's third objection to the magistrate judge's findings and conclusions.

## IV.   Conclusion

Having reviewed the pleadings, file and record in this case, the findings and conclusions of the magistrate judge, and having considered Petitioner's objections thereto, the court determines that the findings and conclusions are correct in recommending dismissal of the § 2254 petition as barred by the applicable one-year statute of limitations. Accordingly, the magistrate's findings and conclusions are accepted as those of the court. Petitioner's petition for the writ of habeas corpus is

**denied**, and this action is **dismissed with prejudice** as time-barred. A final judgment dismissing this case with prejudice will issue by separate document.

**It is so ordered** this 31st day of October, 2005.

Sam A. Lindsay
United States District Judge